# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **SEDALE Y.**, ) <br> ) <br> Plaintiff, )     Case No. 7:20CV00709 <br> ) <br> v. )     **OPINION AND ORDER** <br> ) <br> **KILOLO KIJAKAZI, ACTING** )     JUDGE JAMES P. JONES <br> **COMMISSIONER OF SOCIAL** ) <br> **SECURITY**, ) <br> ) <br> Defendant. ) | |

*Amy Hansen Geddes*, OPN LAW, PLC, Roanoke, Virginia, for Plaintiff; *Maija DiDomenico*, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.

In this social security disability case, I accept the report and recommendation of the magistrate judge.

Sedale Y. challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Robert S. Ballou to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Ballou filed his 17-page Report and Recommendation ("Report") on December 2, 2021, in which he recommended that the court affirm the Commissioner's decision denying

benefits. On December 16, 2021, the plaintiff filed a written objection to the Report. The defendant did not file a response. The objection is now ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.* But I may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (internal quotation marks and citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (internal quotation marks and citations omitted).

The plaintiff objects to the following aspects of the Report:

> (1) Its finding that the ALJ performed the required function-by-function analysis;
>
> (2) Its purported conclusion that *Arakas* does not apply to this case; and
>
> (3) Its conclusion that the ALJ outlined his reasons for his determination in detail and that his reasoning is supported by substantial evidence.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. Contrary to the plaintiff's assertion, the Report did not conclude that *Arakas* only applies to claimants with fibromyalgia. Rather, the magistrate judge noted that unlike in *Arakas*, there was ample objective evidence here of the plaintiff's impairments, and the ALJ considered and accounted for the plaintiff's subjective complaints of pain. To the extent that the ALJ somehow erred in not explaining in greater detail his conclusion that the plaintiff would have one unscheduled absence per month and would be off-task five to ten percent of the workday, any such error is harmless. These restrictions are greater than those stated by any medical source in the record and are a reflection of the plaintiff's testimony regarding his limitations.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objection, ECF No. 22, is DENIED;

2. The magistrate judge's Report and Recommendation, ECF No. 21, is fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 17, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 19, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: February 4, 2022

/s/ JAMES P. JONES
Senior United States District Judge